IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JIMMY RAY TURNER, #K0837**                                                                 **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:06-cv-576-DPJ-JCS**

**EDDIE BOWEN, et al.**                                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Jimmy Ray Turner is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1985. The named Defendants are: Eddie Bowen, District Attorney; Richard Webb, County Prosecutor; David Garner, co-defense counsel; Steven Hayne, forensic pathologist; Robert Evans, Judge; Mississippi Crime Laboratory; Tommy Scott, deputy; Raymond Delk, detective; Keith Bounds, former Sheriff; Charlie Crumpton, Sheriff; Kim Garner-Ulmer, court reporter; and Anthony Grayson, Circuit Court Clerk. The Plaintiff has requested monetary damages as relief in this suit. Upon liberal review of the complaint and entire Court record, the Court has reached the following conclusions.

### Background

On November 29, 1999, Plaintiff was convicted of murdering his wife and was sentenced to life imprisonment. Plaintiff argues that he accidentally shot his wife but because of his wife's "influential, powerful, political family," he was convicted of murder. *Compl.*

*[1]* at 2. Plaintiff states that the former attorney for the Smith County Board of Supervisors, a Smith County State Representative, and his former public defender were related to his wife as cousins. Plaintiff alleges that the named defendants were involved in a conspiracy to interfere with his civil rights violating 42 U.S.C. § 1985.[1]

## Analysis

Title 28 U.S.C. § 1915 applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). *See Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or

---

[1] The Plaintiff was adamant throughout his pleadings that he is only pursuing this cause as a conspiracy under 42 U.S.C. § 1985. The Court agrees with the Plaintiff, that if these claims were asserted pursuant to 42 U.S.C. § 1983, his case would be dismissed, just as his prior § 1983 suit in this Court was dismissed. *See Turner v. Hayne*, 3:05-cv-197-WHB-AGN (S.D. Miss. Jul. 5, 2005).

2

maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. §1915(e)(2).

## 42 U.S.C. § 1985

The Plaintiff contends that the actions of the Defendants constituted a conspiracy under color of state law, thereby providing the Plaintiff with a cause of action pursuant to 42 U.S.C. § 1985. Section 1985(1) addresses conspiracies aimed at preventing a federal public official from performing his duties. Section 1985(2) focuses on conspiracies that interfere with the administration of justice in federal and state courts. *Kush v. Rutledge*, 460 U.S. 719, 725, 103 S. Ct. 1483, 1487, 75 L. Ed. 2d 413 (1983). Section 1985(3) prohibits private conspiracies to deprive persons of equal protection of the laws. *Id.* Plaintiff has not asserted any claims involving federal officials, federal judicial proceedings or elections. Therefore, the Court will analyze the Plaintiff's claims as being asserted under the second part of § 1985(2), which addresses obstruction of justice in state judicial proceedings[2] and § 1985(3), involving private conspiracies.[3]

---

[2]The second portion of Section 1985(2) provides:

[O]r if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with the intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

[3]Section 1985(3) provides in pertinent part:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or equal privileges and immunities under the laws;

In order to establish a claim for conspiracy under either of these sections, the Plaintiff must show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Daigle v. Gulf State Util. Co., Local Union No. 2286*, 794 F.2d 974, 978-79 (5th Cir.1986) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 20 L. Ed. 2d 338 (1971)).  It is clear that the racial or class-based animus requirement is applicable to claims pursued under §§ 1985(2) and 1985(3).  *Kimble v. D. J. McDuffy, Inc.*, 648 F.2d 340, 346 (5th Cir. 1981) (en banc), *cert. denied*, 454 U.S. 1110, 102 S. Ct. 687, 70 L. Ed. 2d 651 (1981).   As the Fifth Circuit has explained, "[N]ot all classes or categories of individuals that can be imagined merit section 1985(3) protection.  A plaintiff must show membership in some group with inherited or immutable characteristics (e.g., race, gender, religion, or national origin), or that the discrimination resulted from the plaintiff's political beliefs or associations." *Galloway v. State of La.*, 817 F.2d 1154, 1159 (5th Cir.1987) (citing *Kimble*, 648 F.2d at 346).  Conspiracies motivated by economic or commercial animus are not within the scope of § 1985(3).  *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 839, 103 S. Ct. 3352, 3361, 77 L. Ed. 2d. 1049 (1983).

In order to assert his claims, Plaintiff must allege that a class or racially-based discriminatory animus was the force which motivated Defendants to conspire together to deprive him of equal protection of the law. *Galloway*, 817 F.2d at 1159.  However, Plaintiff argues that the motivation for this conspiracy was the fact that his deceased wife's family is an "influential, powerful, political family" in the community. *Compl.[1]* at 2. Plaintiff does not claim that the intention or purpose of the defendants was discrimination based on his race

or some other inherited characteristics. The alleged influence and political connections of his wife's family is not the type of discriminatory animus § 1985 protects against. In sum, Plaintiff's allegations fail to satisfy the class-based animus required to establish a cause of action for conspiracy pursuant 42 U.S.C. § 1985. *See Griffin*, 403 U.S. at 102; *Galloway,* 817 F.2d at 1158-59; *Daigle,* 794 F.2d at 978-79.

## Conclusion

As discussed above, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1985, therefore, this cause will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "Strike."[4] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 1th day of May, 2007.

                     s/ *Daniel P. Jordan III*
                     UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(g) states that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."